## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DANIEL LEE TENNEY,**
**Claimant Below, Petitioner**

**FILED**

December 19, 2017
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 17-0543**  (BOR Appeal No. 2051740)
                    (Claim No. 2016025210)

**WEATHERFORD INTERNATIONAL, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Daniel Lee Tenney, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Weatherford International, Inc., by T. Jonathon Cook, its attorney, filed a timely response.

The issue on appeal is the compensability of the claim. On April 8, 2016, the claims administrator denied Mr. Tenney's application for benefits. The Office of Judges affirmed the denial of the claim in its December 14, 2016, Order. The Order was affirmed by the Board of Review on May 19, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 8, 2016, Mr. Tenney, a service manager with Weatherford International Inc., completed an Employee's and Physician's Report of Occupational Injury or Disease alleging he developed occupational asthma over time due to exposure to dust, explosives, smoke, and oil and gas vapors during the course of his employment. His last date of exposure was February 28, 2014. The physician's portion of the claim was completed by Salam Rajjoub, M.D., who had been treating Mr. Tenney since June 25, 2008. He diagnosed Mr. Tenney with obstructive sleep apnea and indicated this was a direct result of an occupational disease. A January 25, 2016, letter written by Dr. Rajjoub indicated that Mr. Tenney's diagnoses included asthma with exacerbation, shortness of breath, cough, wheezing, obstructive sleep apnea, obesity, and insomnia. Dr. Rajjoub opined the asthma was related to Mr. Tenney's work environment.

1

Following the rejection of the claim by the claims administrator, Mr. Tenney filed a protest. He testified by deposition on June 2, 2016, that he is six feet tall, weighs 327 pounds, and is a non-smoker. His last position at Weatherford International, Inc., required him to inspect and service quality, check other employees on location, give field tests, and assist with safety and inventory, among other things. He traveled to eight districts, two of which were in West Virginia. He was exposed to oil and gas vapors, dust, and secondhand smoke. He experienced shortness of breath when he walked any distance, when it was too hot outside, when it was too cold outside, and when he climbed stairs. He first noticed his breathing problems in the 1990's. However, the first time he noticed a problem at work was in February of 2005. He was walking to a location he was unable to access by vehicle when he felt like he could not breathe. He had to stop walking and rest for a few minutes. After that incident, his family physician referred him to Dr. Rajjoub, who he sees about every four months. Mr. Tenney said he takes medication for his asthma, and uses an inhaler. He had one asthma attack while he was working and that was in 2006. The attack happened while he was walking up a slight incline, back to his truck.

Christopher Martin, M.D., performed an independent medical evaluation on Mr. Tenney and prepared a written report on August 17, 2016. Mr. Tenney told Dr. Martin that he had been having episodes of shortness of breath and feeling like he was going to die since he had the first episode in 2010. The episodes include chest tightness, wheezing, and dry cough. None of these have occurred without exertion and end when the activity stops. The episodes occur outside of the workplace. Mr. Tenney advised Dr. Martin that his position at Weatherford International was eliminated, so he chose to take early retirement. Upon examination, Dr. Martin noted auscultation of the chest revealed normal air entry throughout with no crackles or wheezing. In Dr. Martin's opinion, the clinical picture was atypical for asthma as Mr. Tenney was always exerting himself when the symptoms occurred but they did not last beyond the exertion. The pulmonary function testing did not support a diagnosis of asthma. Mr. Tenney had restrictive abnormalities, not the findings of asthma that were obstructive in nature. In Dr. Martin's opinion, the abnormalities were classically associated with Mr. Tenney's obesity. Additionally, the medical records showed his shortness of breath was not subjectively relieved by bronchodilators. Dr. Martin could not diagnose any lung disease process. Mr. Tenney noted his symptoms had been worsening even though he left the workplace in 2014.

By Order entered December 14, 2016, the Office of Judges affirmed the claims administrator's rejection of the claim. It found the report of Dr. Martin to be the most persuasive evidence of record. Dr. Martin explained his findings fully and explained in detail why he did not believe Mr. Tenney suffered from asthma. It relied on Dr. Martin's opinion and found Mr. Tenney failed to prove he suffered from occupational asthma. Dr. Martin opined that the fact that the episodes Mr. Tenney described always occurred when he was exerting himself, but resolved when the exertion was stopped, was not a typical picture of asthma. The pulmonary function testing did not support a diagnosis of asthma as it showed restrictive abnormalities, not obstructive abnormalities, which is seen in asthma. In Dr. Martin's opinion, the abnormalities were classically associated with Mr. Tenney's obesity. Additionally, the medical records showed his shortness of breath was not subjectively relieved by bronchodilators. Dr. Martin was unable to diagnose any pulmonary issue related to Mr. Tenney's work.

On May 19, 2017, the Board of Review affirmed the Office of Judges' decision and adopted the findings of fact and conclusions of law of the Office of Judges. After review, we agree with the Board of Review. Mr. Tenney failed to prove that he had occupational asthma. He stopped working in 2014, but his symptoms worsened after he retired. His symptoms only occur with exertion and stop when the exertion stops. And the restrictive abnormalities that were present were not the findings of asthma. Additionally, Dr. Rajjoub, Mr. Tenney's treating physician, listed the diagnosis as obstructive sleep apnea on the claim application.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 19, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3